



```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 22, 2016
```

**MEMO ENDORSED**

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8476

November 22, 2016

**VIA EMAIL**

Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square – Room 2103
New York, New York 10007

      Re:    <u>Campisi v. CUNY, et al.</u>, 15 CV 4859 (S.D.N.Y.) (KPF):
              Defendant CUNY's Response to Defendant Ranalli's November 17th Letter

Dear Judge Failla:

      Our Office represents The City University of New York ("CUNY") in this action. I write to respond to the November 17, 2016 letter of counsel for defendant George Ranalli, Alison Frick, requesting a conference with the Court to address CUNY's purported failure to "produce responsive documents in a timely manner or to provide assurances of a production schedule" that will allow time for completion of fact discovery. Letter from Alison Frick, dated Nov. 17, 2016 ("Nov. 17 Ltr.") at 1. As set forth below, it is respectfully submitted that the conference requested by Ms. Frick is unnecessary. However, CUNY takes no position on the request and would be pleased to report to the Court on the status of discovery if the Court so requires.

**CUNY Has Responded to Demands, Produced Documents, Initiated Electronic Discovery, and Anticipates that Its Rolling Production Will Be Completed Within the Time for <u>Discovery Responses Set Forth in the Case Management Plan.</u>**

      CUNY has produced its Rule 26 disclosures, mandatory mediation disclosures, and responses to plaintiff's and defendant Ranalli's interrogatories and document demands, along with almost 700 pages of documents. Further, CUNY initiated the exchange of electronically stored information ("ESI") when neither plaintiff nor defendant Ranalli had. CUNY has produced a significant number of critical documents and is currently working diligently to obtain all remaining responsive materials. I have enlisted the assistance of another attorney in our Office to support the effort. The project is proceeding relatively swiftly notwithstanding the number of issues for which documents are sought and the number of individual custodians and

Honorable Katherine Polk Failla                                                                                   Page 2
November 22, 2016

separate departments of CUNY from which discovery may be obtained. CUNY anticipates completing its production by December 12, 2016, the same date that defendant Ranalli's responses to CUNY's document requests are due and within the time contemplated for such responses under the Court's Case Management Plan and Scheduling Order. ECF Dkt. No. 44, ¶¶8(a), (b).

Further, the deadline for completing depositions of fact witnesses under the Court's Casement Management Plan and Scheduling Order is January 24, 2017. In light of that deadline for completion of depositions and the status of discovery noted above, Ms. Frick's vague complaint about the pace of CUNY's document production and her concern that the parties may be unable complete depositions appear to be unfounded.

**Defendant Ranalli's Complaint and Effort to Apply Pressure Upon CUNY Through the Unnecessary Expenditure of Resources Is Without Merit.**

In light of the foregoing, Ms. Frick's letter boils down to a complaint that CUNY's production is not proceeding as rapidly as she would prefer and thus the Court should intervene. But she does not claim any ongoing violation by CUNY of any deadline set out in the Court's Case Management Plan. ECF Dkt. No. 44. Nor does she identify a particular dispute. Rather, she complains that she has not received CUNY's complete production under a time frame that she unilaterally determined, but which was never promised or agreed to by CUNY.

Specifically, Ms. Frick implies that after I requested and received from her a short extension of time, until November 2, 2016, to provide CUNY's responses to her client's demands, I assured her that CUNY would *complete* its document production by that date. I provided Ms. Frick with no such assurance. In fact, her assertion is belied by the facts. By no later than October 28th, I had already discussed with Ms. Frick the fact that CUNY had a substantial amount of potentially responsive materials in its possession and that it would be gathering, reviewing, and producing those materials on an ongoing basis. Further, as Ms. Frick readily admits, on October 28th, *I* initiated the exchange of ESI, something she had not done, by requesting that she provide search terms for CUNY's search of its emails to expedite the culling of those materials. It is respectfully submitted that counsel's attempt to generate a need for court intervention, in the absence of any real discovery dispute, is unavailing.

Accordingly, there does not appear to be an existing discovery issue sufficiently sharpened to the degree that Court intervention is required to resolve it. Instead, defendant Ranalli's letter appears to be an attempt to pressure CUNY through unnecessary use of State resources in the context of this litigation. In any event, as noted above, CUNY takes no position on defendant Ranalli's request for a conference with the Court.

Respectfully submitted,

David B. Diamond
Assistant Attorney General

cc:     Casey Wolnowski, Esq. (via email)
        Alison Frick, Esq. (via email)

```
The Clerk of Court is ORDERED to docket this letter.

Dated:      November 22, 2016        SO ORDERED.
            New York, New York
```

*[Signature: Katherine Polk Failla]*

```
                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE
```